ON PETITION FOR REHEARING
Before BIRCH and BLACK, Circuit Judges, and PRESNELL,* District Judge.
BIRCH, Circuit Judge:
On 6 November 2007, we granted the petition for rehearing filed by appellant the Coca-Cola Company in this matter, vacated section II.F of our earlier opinion in this appeal, 497 F.3d 1181, and stayed reconsideration of the proper treatment of the offset provision pending our decision in White v. Coca-Cola Company, Case No. 07-13938. See Oliver v. Coca-Cola Co., 506 F.3d 1316 (11th Cir.2007) (per curiam). We have now issued a decision in White, finding Coca-Cola’s interpretation of the offset provision to be reasonable and entitled to deference. See White v. Coca-Cola Co., 542 F.3d 848, 850-51 (11th Cir.2008). In light of this controlling precedent, we remand this case to the district court solely on the issue of damages.
In order to determine the appropriate amount of damages, the district court should allow both parties to present evidence regarding the proper benefits calculation based on the principles discussed in White. Coca-Cola’s benefits committee has not yet had an opportunity to make *1354 such a calculation for Oliver, since his claim was denied. It should thus be given a full opportunity to do so. This new calculation should then be assessed under the rubric established in White, with any similarities to the proposed interpretation in that case treated equivalently. See White, 542 F.3d at 853-59. We note that, although the committee’s interpretation, assuming it is the same as that advanced in White, would likely be reasonable, the district court can still consider whether the committee operated under a conflict of interest. Though such a conflict was found not to be present in White, Oliver might be able to provide evidence of one. See id. at 857-59. Based on the Supreme Court’s recent decision in Metropolitan Life Insurance Co. v. Glenn, — U.S.-, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), this determination would only be one factor in the court’s “arbitrary and capricious” analysis, and would not necessitate application of a “heightened arbitrary and capricious” standard. See Metropolitan Life Ins. Co. v. Glenn, — U.S. -, 128 S.Ct. 2343, 2351, 171 L.Ed.2d 299 (2008); Doyle v. Liberty Life Assur. Co. of Boston, 542 F.3d 1352, 1360 (11th Cir.2008) (finding that Glenn overruled 11th Circuit precedent requiring application of the heightened standard). We emphasize that Oliver would bear the burden of proof on this issue. See Doyle, 542 F.3d at 1360.
Accordingly, we reaffirm the holding of our prior decision in this case, 497 F.3d 1181, with the exception of the portion previously vacated. We thus AFFIRM the district court’s grant of summary judgment for Oliver against Coca-Cola. We also AFFIRM the award of attorney’s fees and expenses in favor of Oliver. We REVERSE the entry of summary judgment for Oliver against Broadspire and REMAND with instructions to dismiss Oliver’s claims against Broadspire. Finally, we REMAND on the issue of the damages award against Coca-Cola, with instructions to allow both parties to fully brief the issue.